## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**DAKOTA CLAY AHLGRIM,**

      **Plaintiff,**

**vs.**                           **No. CV 15-00908 RB/LAM**

**STATE OF NEW MEXICO,**
**COUNTY OF SAN JUAN,**
**SANDRA PRICE,**
**WILLIAM BIRDSALL,**
**individually and in their official**
**and judicial capacities,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

THIS MATTER is before the Court under rule 12(b)(6) of the Federal Rules of Civil

Procedure on the Amended Motion to Dismiss, or for Summary Judgment, in Lieu of Answer

filed by Defendant County of San Juan[1] (Doc. 7) and Defendant Sandra Price and William

Birdsall's Motion to Dismiss for Judicial Immunity and Other Grounds (Doc. 8).  Also before the

Court is Plaintiff's Objection to Defendants' Notice of Removal (Doc. 9), which the Court will

construe as a motion to remand.  The Court further addresses, *sua sponte*, the claims against the

State of New Mexico.[2]  The Court denies Plaintiff Dakota Clay Ahlgrim's request to remand and

---

[1]  The "County of San Juan" does not appear to be properly named.  See N.M.Stat.Ann. § 4-46-1
(1978) (requiring that suit be brought against the Board of County Commissioners).  However,
because any claims against the County of San Juan are barred, the Court will not address the
propriety of naming of the County.

[2] There are questions whether, as a named removing party (Doc. 1 at 1), the State is a proper party
or may have waived service of process. *See generally* Wright & Miller, *Federal Practice and
Procedure,* § 3738.  Again, since Ahlgrim's claims fail, the Court will not address these issues.

dismisses Ahlgrim's Complaint (Doc. 1, at 1-1) with prejudice for failure to state a claim upon which relief can be granted.

## I.  AHLGRIM'S OBJECTION TO REMOVAL IS WITHOUT MERIT

This case was removed to this Court from the State of New Mexico, County of Santa Fe, First Judicial District Court by Defendants State of New Mexico, Sandra Price, and William Birdsall, with the consent of Defendant San Juan County.  (Doc. 1).  Ahlgrim filed Plaintiff's Objection to Defendants' Notice of Removal on October 29, 2015. (Doc. 9).  Applying a liberal construction to his filing, the Court will construe Ahlgrim's Objection as a motion to remand the case to state court.

Ahlgrim admits the truth of paragraphs 1, 2-8, and 10 of the Notice of Removal, but objects to paragraph 9 on the ground that Plaintiff denies his consent to removal because it is unnecessary.  (Doc. 9).  Ahlgrim does not make any argument that either the removal procedure or the Court's removal jurisdiction is defective, nor does the Court's record disclose any procedural or jurisdictional issues.  Therefore, there is no basis for any remand of this case to the state court, and the Court will deny Ahlgrim's request to remand.  *See* 28 U.S.C. § 1447(c).

## II.  AHLGRIM'S COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Plaintiff Ahlgrim is proceeding pro se.  The Court may dismiss a complaint under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  In reviewing a pro se complaint, the Court applies the same legal standards

applicable to pleadings that counsel drafts, but liberally construes the allegations.  *See*

*Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Ahlgrim's Complaint contains the following material allegations:

At some time prior to February 13, 2009, Ahlgrim was arrested and detained by the

Defendant County of San Juan on charges of aggravated burglary with a deadly weapon.  (Doc.

1-1 at 5, ¶ 14 and 6, ¶ 20).  Ahlgrim, represented by counsel, entered into a Plea and Disposition

Agreement with the Defendant State of New Mexico, as prosecutor, on February 13, 2009 in

Eleventh Judicial District Court, County of San Juan, State of New Mexico cause no. D-1116-

YR-200800006.  (Doc. 1-1 at 8-10). In the Plea and Disposition Agreement, Ahlgrim agreed to

admit to the crime of Aggravated Burglary (Deadly Weapon), a second degree felony, contrary

to section 30-16-4(A) NMSA 1978. (Doc. 1-1 at 8).  The Plea and Disposition Agreement

expressly stated that the District Attorney's Office would oppose sentencing Ahlgrim as a

juvenile and set out the maximum penalties if sentenced as an adult and if sentenced as a child.

(Doc. 1-1 at 8).

 Defendant Price, acting as a District Court Judge, approved the Plea and Disposition

Agreement on February 13, 2009. (Doc. 1-1 at 10-11).  Judge Price then held an amenability

hearing and a status hearing on August 13, 2009 and November 24, 2009 to address issues of

whether to sentence Ahlgrim as a child or as an adult.  (Doc. 1-1 at 12-18).  Last, Judge Price

held a sentencing hearing on December 3, 2009, and sentenced Ahlgrim, as an adult, to a 10-year

sentence with one year suspended. (Doc. 1-1 at 19-24).

Ahlgrim filed a Petition for Writ of Habeas Corpus on January 23, 2014 (Doc. 1-1 at 33).

The Petition was denied by Defendant Birdsall, acting as District Judge, on January 27, 2014.

(Doc. 1-1 at 37-38).  Judge Birdsall denied the Petition on the grounds that it raised no

arguments different from the ten prior requests for post-conviction relief filed by Ahlgrim.  (Doc. 1-1 at 38).

Ahlgrim filed his Civil Complaint in the First Judicial District Court, County of Santa Fe, State of New Mexico, on August 24, 2015.  (Doc. 1-1 at 4).  Defendant Price was served with the Summons and Complaint on September 14, 2015, and Defendant Birdsall was served September 21, 2015.  (Doc. 1 at 1).  The case was timely removed to this Court on October 9, 2015. (Doc. 1).

**A.  Ahlgrim's Civil Rights Claims are Barred Under *Heck v. Humphry*:**

Ahlgrim seeks injunctive and declaratory relief, as well as compensatory damages in the amount of $1,500 per day and $10,000,000 in punitive damages, based on his claim that he was improperly prosecuted and sentenced. (Doc. 1-1 at 7). The Court notes that Ahlgrim's arguments have been raised and rejected both in direct proceedings in his criminal case and through collateral review.  As stated by Judge Birdsall, Ahlgrim has filed at least 11 requests for post-conviction relief in the state courts (Doc. 1-1 at 38). To allow Ahlgrim to recover damages in this case would, necessarily, imply invalidity of the sentence imposed in his state criminal case.

Ahlgrim's Complaint does not expressly allege causes of action under 42 U.S.C. § 1983. Instead, he asserts violation of various federal constitutional rights by Defendants Price, Birdsall, and the County of San Juan.  He also alleges that the State of New Mexico violated his rights under 42 U.S.C. § 1981(b) to make and enforce contracts.  However, 42 U.S.C. § 1983 is the exclusive vehicle for vindication of substantive rights under both the Constitution and § 1981. See, *Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979); *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (Section 1983 creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution); *Bolden v.*

4

*City of Topeka*, 441 F.3d 1129 (10th Cir. 2006) (claims against state actors for violation of § 1981 must be brought under 42 U.S.C. § 1983).  Therefore, the Court construes Ahlgrim's claims for violation of rights under the Constitution and § 1981 as civil rights claims brought under 42 U.S.C. § 1983.

In *Heck v. Humphry,* 512 U.S. 477, 487 (1994), the Supreme Court addressed the question of when a prisoner may bring a § 1983 claim relating to his conviction or sentence. The Court held that when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed. *Heck,* 512 U.S. at 487. Similarly, although in some circumstances a prospective injunction may be available under § 1983, to the extent a request for declaratory or injunctive relief would necessarily invalidate the prisoner's conviction or sentence, declaratory and injunctive relief are also barred by the *Heck* doctrine. *Wilkinson v. Dotson,* 544 U.S. 74, 80-81 (2005).  *See also Edwards v. Balisok,* 520 U.S. 641 (1997).

Ahlgrim's Prayer for Relief specifically asks the Court to vacate and set aside his criminal sentence and award him damages for false imprisonment. (Doc. 1-1 at 7).  Ahlgrim's request for relief clearly necessitates the invalidation of his sentence.  Because a favorable ruling on Ahlgrim's claims would require treating his sentence in Eleventh Judicial District cause no. D-1116-YR-200800006 as invalid, the civil rights claims in the Complaint must be dismissed under the *Heck* doctrine.  *See, Beck v. City of Muskogee Police Dept.,* 195 F.3d 553, 556–57 (10th Cir.1999).  The claims against Defendant State of New Mexico for violation of 42 U.S.C. § 1981(b) breach of contract, against Defendant Price for violation of the 5th, 6th, 8th, and 14th Amendments to the U.S. Constitution, against Defendant Birdsall for violation of the 5th and 14th

Amendments to the Constitution, and against Defendant County of San Juan for violation of the 5th and 14th Amendments are barred by *Heck* and, therefore, fail to state a claim upon which relief can be granted under rule 12(b)(6).

**B.  Ahlgrim Does Not Have a Cause of Action Under the Universal Declaration of Human Rights:**

Ahlgrim also asserts claims against Defendants Price, Birdsall, and County of San Juan for alleged violations of the Universal Declaration of Human Rights. (Doc. 1-1 at 6, ¶¶ 18, 19, and 20).  The Universal Declaration of Human Rights is a declaration adopted by the United Nations General Assembly on December 10, 1948.

Federal courts do not recognize a cause of action for state prisoners based on the United Nations' Universal Declaration of Human Rights. *Sosa v. Alvarez-Machain,* 542 U.S. 692, 734-35 (2004); *Serra v. Lappin,* 600 F.3d 1191, 1196-97 & n. 5 (9th Cir. 2010).  Therefore, all claims against Defendants Price, Birdsall, and County of San Juan under the Universal Declaration fail to state a claim upon which relief can be granted and must be dismissed under Fed.R.Civ.P. 12(b)(6).

**C.  The Claims Against the State of New Mexico, San Juan County, and Judge Price are Barred by Applicable Statutes of Limitations:**

Defendants County of San Juan and Judge Price have filed motions to dismiss pursuant to rule 12(b)(6) on the grounds that the claims against them are barred by the statute of limitations. (Doc. 7, Doc. 8 at 6-7).  Ahlgrim has not filed any response to the motions to dismiss.  The Court determines that, on the face of Ahlgrim's Complaint, the claims against all Defendants except Defendant Birdsall are barred by either the two-year statute of limitations under the New Mexico Tort Claims Act or by the three-year statute of limitations applicable to civil rights actions.

Civil rights claims arising in New Mexico under § 1983 are governed by the three-year personal injury statute of limitations contained in N.M.Stat.Ann. § 37-1-8 (1978).  *Varnell v. Dora Consol. Sch. Dist.,* 756 F.3d 1208, 1212 (10th Cir. 2014).  A civil rights claim accrues when the plaintiff knew or should have known of the injury and its unconstitutional cause.  *Varnell,* 756 F.3d at1216.  The extent of the injury is irrelevant to the analysis and, instead, the statute of limitations commences as soon as the plaintiff has been apprised of the general nature of the injury.  *Wallace v. Kato,* 549 U.S. 384, 391 (2007); *Harvey v. United States,* 685 F.3d 939, 949 (10th Cir. 2012).  The applicable statute of limitations for Ahlgrim's claims under § 1983 is the three-year statute of limitations of § 37-1-8.

In addition to his § 1983 civil rights claims, Ahlgrim also alleges state law claims against the Defendants.  Because his claims are made against governmental entities and public officials, those claims are governed by the New Mexico Tort Claims Act. N.M.Stat.Ann. § 41-4-2 (1978). The statute of limitations applicable to state tort claims against governmental entities and officials is two years under the Tort Claims Act.  N.M.Stat.Ann. § 41-4-15 (1978). The two-year statute of limitations begins to run on the date of the occurrence of the injury.  N.M.Stat.Ann. § 41-4-15.  Ahlgrim's state law claims are subject to the two-year statute of limitations of § 41-4-15.

Ahlgrim alleges that "the arrest and detention of Plaintiff on the charge of aggravated burglary w/a deadly weapon by Defendant County of San Juan violated Plaintiff's rights . . ." (Doc. 1-1 at 6).  As set out on the face of Ahlgrim's Civil Complaint, all actions of San Juan County in arresting and detaining Ahlgrim were concluded no later than December 2009 and Ahlgrim was aware of the alleged improper sentencing on that charge no later than the sentencing hearing on December 3, 2009.  (Doc. 1-1 at 19-24).  Plaintiff's claims against San

Juan County were not filed until August 24, 2015, more than five years later. Therefore, all claims against the County of San Juan are barred by either the two-year statute of limitations of the New Mexico Tort Claims Act or by the three-year personal injury statute of limitations applicable to civil rights cases.

Ahlgrim claims that Defendant Judge Price violated his constitutional rights and committed state-law torts by sentencing him to nine years in adult prison. (Doc. 1-1 at 6, ¶ 18). Based on Ahlgrim's Complaint, all conduct by Judge Price was concluded when she sentenced Ahlgrim and Ahlgrim was aware of the alleged improper sentencing in December 2009. (Doc. 1-1 at 19-24). Again, Ahlgrim's claims against Judge Price were not commenced until August 24, 2015, more than five years later, and all of his claims are barred under the two-year or three-year statute of limitations.

Last, Ahlgrim asserts that "on December 3, 2009, the Defendant St. of NM advocated for additional time be included in Plaintiff's sentence for the charge of negligent use of a firearm," and that these actions violated his rights regarding making and enforcing contracts under 42 U.S.C. § 1981(b) and constituted willful negligence or negligence. (Doc. 1-1 at 5, ¶ 13, 6, ¶ 17). The Complaint, itself, alleges that the material conduct of the State of New Mexico occurred on December 3, 2009. Therefore, under either the two-year or the three-year statute of limitations, the claims against Defendant State of New Mexico are untimely.

All claims against Defendants County of San Juan, Judge Price, and the State of New Mexico are untimely and barred by the applicable statutes of limitations. Therefore, the Complaint fails to state a claim upon which relief can be granted against those defendants. Fed.R.Civ.P. 12(b)(6); *Jones v. Bock*, 549 U.S. 199, 214-15 (2007); *Vasquez Arroyo v. Starks,* 589 F.3d 1091, 1096 (10th Cir. 2009).

**D.  The Claims Against Judge Price and Judge Birdsall are Barred by Judicial Immunity:**

Ahlgrim's Complaint names State of New Mexico, Eleventh Judicial District Judges Sandra Price and William Birdsall as defendants.  (Doc. 1-1 at 4).  Ahlgrim's claims against Judge Price are that she approved a plea agreement as to possible juvenile sentencing, ranging from a probation term to a maximum two year commitment, but imposed a sentence of nine years in an adult prison.  (Doc. 1-1 at 5-6).  Ahlgrim contends the sentencing violated his rights under Article 2, Sections 12, 13, and 18 of the New Mexico Constitution and the Fifth, Sixth, Eighth, and Fourteenth Amendments to the U.S. Constitution, as well as constituting the torts of negligence, false imprisonment, malicious prosecution, legal malpractice, and intentional infliction of emotional distress.  (Doc. 1-1 at 6-7).  Ahlgrim's claims against Judge Birdsall are that he denied Ahlgrim's petition for writ of habeas corpus without sufficiently addressing the issues, in violation of Article 2, Section 18 of the New Mexico Constitution, and the Fifth and Fourteenth Amendments to the U.S. Constitution.  Ahlgrim also asserts state law torts of negligence, legal malpractice, and intentional infliction of emotional distress against Judge Birdsall.  (Doc. 1-1 at 6-7).

Ahlgrim's civil rights and state law claims against judicial officers acting as judges are clearly barred by absolute judicial immunity. *See Stump v. Sparkman,* 435 U.S. 349, 355-56 (1978); *Christensen v. Ward,* 916 F.2d 1462, 1473-76 (10th Cir. 1990); *Hunnicutt v. Sewell,* 147 N.M. 272, 277-78, 219 P.3d 529, 534-45 (Ct. App. 2009).  It is well settled that the doctrine of judicial immunity is applicable in actions, such as the case at bar, with 42 U.S.C. § 1983 claims as well as state law claims. *Van Sickle v. Holloway,* 791 F.2d 1431, 1434–35 (10th Cir.1986); *Collins on Behalf of Collins v. Tabet,* 111 N.M. 391, 396, 806 P.2d 40, 45 (1991).  Absolute

immunity bars all suits for money damages for acts made in the exercise of judicial discretion.

*Guttman v. Khalsa,* 446 F.3d 1027, 1033 (10th Cir.2006).

The United States Supreme Court has recognized absolute immunity for officials whose

special functions or constitutional status requires complete protection from suit. *Harlow v.*

*Fitzgerald,* 457 U.S. 800, 807 (1982). The purpose of absolute judicial immunity is:

> "to benefit the public, 'whose interest is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.' The Supreme Court has recognized that 'the loser in one forum will frequently seek another, charging the participants in the first with unconstitutional animus.' Therefore, absolute immunity is necessary so that judges can perform their functions without harassment or intimidation."

*Van Sickle v. Holloway,* 791 F.2d at 1434–35.

Ahlgrim seeks to recover damages against Judge Price and Judge Birdsall for acts that

were unquestionably made in the exercise of judicial discretion.  Any claims against Judge Price

and Judge Birdsall that are not already barred under the *Heck* doctrine are barred by absolute

judicial immunity.

### E.  The Claims Against the State of New Mexico are Barred by Prosecutorial Immunity:

Ahlgrim also names, as a defendant, the State of New Mexico.  Ahlgrim alleges that the

State of New Mexico violated his rights by "advocating for additional charge and time" contrary

to the Plea Agreement in his criminal proceeding. (Doc. 1-1 at 6).  Although Ahlgrim does not

name any individual official or actor, Ahlgrim's allegations are essentially against the State

acting in a prosecutorial capacity.  The Court need not address the question of whether the State

of New Mexico can be named as a defendant or held vicariously liable for acts of individual

prosecutors because any claims involving prosecutorial conduct are also barred by the doctrine

of immunity.

Like judges, prosecutors are entitled to immunity in the performance of their prosecutorial functions. *Miller v. Spiers*, 434 F.Supp.2d 1064 (2006); *Johnson v. Lally,* 118 N.M. 795, 796, 887 P.2d 1262, 1263 (Ct. App. 1994). The common law has long recognized prosecutors must be given immunity from the chilling effects of civil liability. *Burns v. Reed,* 500 U.S. 478, 485, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991); *Griffith v. Slinkard,* 146 Ind. 117, 44 N.E. 1001, 1002 (1896); *Collins,* 111 N.M. at 396, 806 P.2d at 45. Prosecutors are absolutely immune from damages for their advocacy and activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).  The civil rights and state law claims against Defendant State of New Mexico are also subject to dismissal for failure to state a claim under rule 12(b)(6) of the Federal Rules of Civil Procedure based on prosecutorial immunity.

### III. AMENDMENT OF THE COMPLAINT WOULD BE FUTILE

The Court will dismiss Ahlgrim's Complaint without leave to amend because the Court determines that amendment of the Complaint would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. Ahlgrim's conviction and sentencing have already been upheld on direct appeal and on a habeas corpus petition in the New Mexico state courts and his arguments have been rejected in a number of prior proceedings.  There appears to be no state of facts that would ever entitle Ahlgrim to relief on his claims and causes of action.

IT IS ORDERED:

(1) Petitioner Dakota Clay Ahlgrim's Objection to Defendants' Notice of Removal (Doc. 9) is DENIED;

(2) Defendant County of San Juan's Amended Motion to Dismiss, or for Summary Judgment, in Lieu of Answer (Doc. 7) is GRANTED;

(3) Defendants Sandra Price and William Birdsall's Motion to Dismiss for Judicial Immunity and Other Grounds (Doc. 8) is GRANTED; and

(4) Plaintiff Dakota Clay Ahlgrim's Civil Complaint (Doc. 1 at 1-1) and all claims and causes of action against Defendants State of New Mexico, County of San Juan, Sandra Price, and William Birdsall, are DISMISSED with prejudice for failure to state a claim upon which relief can be granted under rule 12(b)(6) of the Federal Rules of Civil Procedure.

_____

UNITED STATES DISTRICT JUDGE